IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHANIEL HOWARD THOMAS, §
    Petitioner, §
  §
VS. §    Civil Action No. 4:07-CV-633-Y
  §
REBECCA TAMEZ, Warden, §
FCI-Fort Worth, §
    Respondent. §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Nathaniel Howard Thomas, Reg. No.07052-078 is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Thomas is serving five concurrent 235-month terms on his convictions for conspiracy to possess cocaine base, in violation of 21 U.S.C. § 846, possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to

distribute and distribution of cocaine base within a thousand feet of a school, in violation of 21 U.S.C. § 860, in the United States District Court for the Eastern District of Texas, Sherman Division. *See* CM/ECF, Criminal Docket for Case # 4:98-CR-14-MHS-DDB, docket entries for June 11, 1998 & Oct. 16, 1998. The Fifth Circuit Court of Appeals affirmed Thomas's convictions and sentences on September 19, 2000. *Id.*, docket entry for Sept. 19, 2000. Thereafter, Thomas filed a 28 U.S.C. § 2255 motion to vacate in the sentencing court, which was denied on June 5, 2003. *Id.*, docket entry for June 5, 2003. The Fifth Circuit Court of Appeals denied his request for a certificate of appealability on April 27, 2004. (Resp't Appendix to Motion to Dismiss.) Thomas filed a second § 2255 motion on July 28, 2004, which was dismissed on September 28, 2004. CM/ECF, Criminal Docket for Case # 4:98-CR-14-MHS-DDB, docket entries for July 28, 2004 & Sept. 28, 2004. On October 17, 2007, Thomas filed the instant petition under § 2241 in this district, where he is currently serving his sentences.[1] The government has moved that the petition be regarded as a § 2255 motion and dismissed for lack of jurisdiction. (Resp't Motion to Dismiss at 5.)

D. DISCUSSION

By way of this petition, Thomas raises three issues for review: (1) whether his claims fall under the savings clause of § 2255; (2) whether his rights under double jeopardy were violated when he was convicted and sentenced for violations of § 841(a)(1) and § 860 for the same offense; and (3) whether the BOP is without legal mittimus or authority. (Pet'r Memorandum in Support at 5.)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary

---

[1] A pro se habeas petition is typically deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Thomas indicates in his memorandum in support that he placed the petition and memorandum in the prison mailing system on September 21, 2007. However the envelope in which the documents were mailed reflects a postmark of October 17, 2007. Because Thomas does not explain the delay in mailing, for purposes of this proceeding, his petition is deemed filed on October 17, 2007.

means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Thomas v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Thomas complains primarily that, under *Rutledge v. United States*, 517 U.S. 292 (1996), he should not have been convicted and sentenced for violations under both § 841 and § 860 for the same transaction. (Pet'r Response at 3.) He urges that he is entitled to seek § 2241 relief under the § 2255 savings clause (1) because he was convicted of a non-existent offense (i.e., "his conviction on the greater offense invalidates the lesser offense [§ 841(a)(1)] leaving the lesser offense null and void"), (2) to correct this miscarriage of justice, (3) the potential future collateral consequences of five separate convictions, and (4) his claims were never adjudicated on the merits. (*Id.* at 1-6; Pet'r Memorandum in Support at 8-20. Thomas asserts he has no other avenue of redress and if § 2241 jurisdiction is not invoked he will be deprived of the right to be heard on his claims. (*Id.*)

Thomas's arguments are unpersuasive. As noted by the government, *Rutledge* was decided in 1996, two years before Thomas's convictions in 1998, and, thus, was available at the time Thomas

3

filed his first § 2255 motion. *See Eyes-Requena*, 243 F.3d at 904. Nor does *Rutledge* hold that § 841(a)(1) is a nonexistent offense. Thomas's lack of success in his first § 2255 motion in the sentencing court does not render the remedy under § 2255 inadequate or ineffective. *See Pack*, 218 F.3d at 452-53; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Thus, Thomas is not entitled to use the savings clause of § 2255 to challenge his underlying convictions and/or sentences by petitioning under § 2241. Thomas has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that the government's motion to dismiss Thomas's petition for writ of habeas corpus under § 2241 be GRANTED and that the action be DISMISSED for want of jurisdiction

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 22, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 22, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 1, 2008.

                                                                /s/   Charles Bleil
                                                               CHARLES BLEIL
                                                               UNITED STATES MAGISTRATE JUDGE